NEW-YORK PRACTICE REPORTS.　　　269

Getty agt. The Hudson River Rail Road Co.

## SUPREME COURT.

GETTY agt. THE HUDSON RIVER RAIL ROAD COMPANY.

Claims for both legal and equitable relief may be united in one action, where they are not inconsistent with each other.
Cases in which amendments ought to be allowed at the circuit.

*Albany Special Term, November* 1851.　This was a motion to set aside an amended complaint.　The facts sufficiently appear in the opinion of the court.

MR. MONELL, *for Defendant.*

MR. GENET, *for Plaintiff.*

PARKER, Justice.—The defendant seeks to set aside the amended complaint on the ground that it is for a cause of action different from that set forth in the original complaint, and therefore irregular.

The original complaint alleged the construction of a rail road across a bay between plaintiff's farm and the Hudson River, and claimed damages for thus obstructing the navigation between the farm and the river.　The amended complaint not only claims such damages for the injury already suffered by such obstruction, but also seeks indemnity for the future, by praying that the defendants be adjudged and enjoined to construct such a bridge as is required by the fifteenth section of their charter, so as to admit of the passage of plaintiff's boats and vessels between his farm and the river.

The original complaint claimed only legal relief. The amended complaint claims relief both legal and equitable; and it is here contended by the defendant's counsel that they can not both be united in the same action.

The facts set forth in both the complaint and the amended complaint are substantially the same.　It is only in the relief prayed that they differ.

We have certainly made but little progress in the reform that has been attempted, if law and equity can now only be administered

Getty agt. The Hudson River Rail Road Co.

in separate actions. If such is held to be the present rule of practice, the very object of having law and equity administered in the same tribunal and in the same forms of proceeding will be defeated. It was formerly considered a great evil that in a suit at law the plaintiff could be turned out of court, on the ground that his relief was in chancery; and that where a bill was filed in the Court of Chancery, it might be dismissed, on the ground that the complainant had an ample remedy at law. The evil is still just as great as it was formerly, if a party can have only legal or equitable relief in the same action. In such case, if he commences his action asking for equitable relief, as for instance a specific performance, and it turns out that he is not entitled to it, but only to legal relief, by way of damages, he might perhaps, if such strictness is to govern, be put to a new action to obtain redress. This certainly ought not to be; and such a strictness is hostile to the whole spirit of the change that has been made. In trying such a cause at the circuit, I should most certainly allow whatever amendment in the pleadings was necesssary to give the party redress. If the plaintiff had asked for equitable relief, and it turned out that he was entitled to legal relief only, I should permit him to take it in that form. And if he had asked for legal relief only, when he was entitled to both legal and equitable relief, I should allow the proper amendment to administer complete justice in the case. The power to amend, authorized by the Code, is ample for such purpose. Now the last case of amendment I have mentioned as permissible at the circuit, is precisely what is claimed in this case, with this difference only, that it is claimed to be made here, before issue joined, and when, of course, the defendant has abundant time and opportunity to prepare to meet the claim at the circuit.

I see no objection in this case to uniting claims for both legal and equitable relief in the same action. Both depend on the same transaction and both are necessary to indemnify the plaintiff for past, and to protect him against future injury.

I think the proper course, under our present system of practice, is to give the party whatever relief is applicable to the facts put

in issue in the pleadings and established on the trial, whether such relief be legal or equitable, or both. And I see no reason against uniting in one action claims for both legal and eqiutable relief, when they are not inconsistent with each other (Linden agt. Hepburn, 5 *How. Pr. R.* 188). Substantial justice must no longer be sacrificed to mere form and technicality.

It is said that different modes of trial are prescribed for legal and equitable issues. But they are not necessarily to be tried differently, for § 254 of the Code gives ample power to the court to direct that the latter class be tried before the same tribunal, which is prescribed by sections 252 and 253 for the former class. Nor is the distinction at all material; in as much as the court adjudges the relief in all cases, both legal and equitable, on the facts established, whether they were found by the court itself, or by a jury.

I think the amended complaint is regular, and the motion must therefore be denied with $10 costs.